IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DORRELL ANTWUN MCLAURIN,  )
  Plaintiff       )
           )
vs.          )  C.A.No. 1:24-CV-160
           )
CITY OF ERIE POLICE DEPT.,  )
JOHN DOE CHIEF OF POLICE,  )
DETECTIVE PILARSKI, BADGE 410, and )
DETECTIVE SGT. HOLMES 302,  )
  Defendants.     )

## MEMORANDUM OPINION

U.S. D.J. Susan Paradise Baxter

Pending before this Court is Defendants' motion to dismiss [ECF No. 28] and Plaintiff's motion for leave to file a second amended complaint [ECF No. 35].

**Procedural Background**

This civil rights action was filed by Plaintiff Dorrell Antwun McLaurin, acting *pro se*. As Defendants, Plaintiff has named the City of Erie Police Department, the John Doe Chief of Erie Police[1], and Detectives Pilarski and Holmes of the Erie City Police.

The legal claims in this action arise out of Plaintiff's arrest for criminal homicide by state authorities in early May 2019. ECF No. 4. Plaintiff was arrested and detained, but the criminal charges were ultimately dismissed on July 26, 2022. Plaintiff claims his constitutional rights

---

[1] In the Amended Complaint, Plaintiff identifies the John Doe Chief of Police as Dan Spizarny. ECF No. 23, ¶ 4.

1

including his Fourth, Fifth, Eighth, and Fourteenth Amendment rights were violated by Defendants. Defendants move to dismiss these claims on multiple grounds. ECF No. 28.

**Standard of Review**

In order to determine the sufficiency of a complaint in the face of a motion to dismiss, district courts are to engage in a three-step inquiry:

> First, the court must take note of the elements a plaintiff must plead to state a claim. Second, the court should identify allegations that, because they are no more than conclusions, are not entitled to the assumption of truth. Finally, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.

*Connelly v. Steel Valley Sch. Dist.*, 706 F.3d 209, 212 (3d Cir. 2013) *quoting Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011).

Although state court records have been provided to this Court[2], the review of such does not necessitate the conversion of the motion to dismiss into a motion for summary judgment. *See Pryor v. National Collegiate Athletic Ass'n*, 288 F.3d 548, 560 (3d Cir. 2002) ("… certain matters outside the body of the complaint itself, such as exhibits attached to the complaint and facts of which the court will take judicial notice, will not trigger the conversion of a Federal Rule

---

[2] Courts within the Third Circuit have held that a court may take judicial notice of court dockets at the motion to dismiss stage. *See In re Congoleum Corp.*, 426 F.3d 675, 679 n.2. (3d Cir. 2005) (taking judicial notice of "state court proceedings insofar as they are relevant"); *Mollett v. Leith*, 2011 WL 5407359, at *2 (W.D. Pa. 2011) ("A court may also take judicial notice of the docket in Plaintiff's underlying criminal trial.") *aff'd sub nom. Mollett v. Leicth*, 511 Fed. App'x 172 (3d Cir. 2013). Accordingly, this Court will take judicial notice of these documents because they are court records and because their authenticity is undisputed.

of Civil Procedure 12(b)(6) motion to dismiss to a Federal Rule of Civil Procedure 56 motion for summary judgment.").

Because Plaintiff is proceeding *pro se*, the allegations of his complaint must be "liberally construed." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). *See also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*pro se* pleadings are held to "less stringent standards than formal pleadings drafter by lawyers"). The Court must "apply the applicable law, irrespective of whether [Plaintiff] has mentioned it by name." *Higgins v. Beyer*, 293 F.3d 683, 688 (3d Cir. 2002). However, notwithstanding the relaxed pleading standard applicable to pro se litigants, they "still must allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina*, 704 F.3d 239, 245 (3d Cir. 2013).

**The Relevant Procedural History**

Plaintiff initiated this action on June 7, 2024. He was granted leave to proceed in forma pauperis and his complaint was filed on July 10, 2024. ECF No. 4.

In response to the complaint, Defendants filed a motion to dismiss. ECF No. 10. Plaintiff filed then a motion for leave to file an amended complaint which was granted. ECF No. 16. Plaintiff's amended complaint was due to be filed by December 13, 2024. However, Plaintiff's First Amended Complaint was not filed until March 4, 2025, after three requests for extensions of time were granted. *See* ECF Nos. 18, 20, 22, 23.

In response to the Amended Complaint, Defendants again moved to dismiss. ECF No. 28. Shortly thereafter, Plaintiff filed a motion seeking an enlargement of time in which to file his response to the pending motion to dismiss. ECF No. 30. Plaintiff's motion was granted making his opposition due by June 27, 2025. To date, no opposition has been filed. Instead, Plaintiff filed

an untimely motion seeking leave to file a second amended complaint. ECF No. 33. That motion was granted making the second amended complaint due by October 20, 2025. ECF No. 34.

On October 20, 2025, Plaintiff filed another motion seeking leave to file a second amended complaint. ECF No. 35.[3] Defendants oppose this motion. ECF No. 36.

In summary, the operative complaint at this stage of the litigation is the First Amended Complaint, which Defendants have moved to dismiss. ECF No. 28. There is no opposition to the pending dispositive motion, but there is a motion for leave to file an amended complaint (without a proposed amended complaint) and an opposition thereto. ECF No. 35, 36.

**Analysis of Plaintiff's Legal Claims**

Plaintiff's Amended Complaint is a lack of clarity, but the public docket provides necessary context. It reflects that Defendants Pilarski and Holmes charged Plaintiff with attempted criminal homicide in relation to a shooting. ECF No. 29-3 (Affidavit of Probable Cause). Construing the pleading liberally, Plaintiff alleges that Defendants caused his arrest and detention despite knowledge of his innocence, subjected him to an unlawful seizure, and failed to correct the purported error, thereby violating his constitutional rights. ECF No. 23. The criminal charges against Plaintiff were dismissed by the Court of Common Pleas on state speedy trial grounds. ECF No. 35-2.

---

[3] For the first time, Plaintiff avers that he was not served with Defendants' pending motion to dismiss. However, Plaintiff's earlier request for extension of time [*see* ECF No. 30] specifically requests time to respond to the pending motion to dismiss, thereby belieing Plaintiff's averment that he has not been served with the motion to dismiss.

4

Liberally construed, the Amended Complaint asserts claims under 42 U.S.C. § 1983 for false arrest, false imprisonment[4], and illegal search and seizure. [5] All of Plaintiff's legal claims are barred by the statute of limitations.

A plaintiff bringing a claim under 42 U.S.C. § 1983 must file suit within the statute of limitations governing personal injury actions in the state where the claim arose. *Nguyen v. Pennsylvania*, 906 F.3d 271, 273 (3d Cir. 2018). In Pennsylvania, that period is two years. *Kach v. Hose*, 589 F.3d 626, 634 (3d Cir. 2009).While state law supplies the limitations period, federal law governs the date on which the claim accrues. *Id*. The limitations periods for most § 1983 claims begin to accrue "when the wrongful act causes damages." *Howard v. Quick*, 2025 WL 3003527, at *3 (D. N.J. Oct. 27, 2025) *quoting Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir. 2010).

Plaintiff's false arrest claim accrued at the time of his arrest in May 2019. *Wallace v. Kato*, 549 U.S. 384 (2007). The two-year limitations period expired in May 2021, rendering the June 2024 filing of this action untimely. For the same reason, Plaintiff's illegal search and seizure claim accrued at the time of the challenged search and seizure – also in May 2019 – and expired in May 2021. *See Jackson v. City of Erie Police Dep't*, 570 Fed. App's 112, 114 (W.D. Pa. June 20, 2014) ("[T]he statute of limitations for claims for wrongful searches and seizures

---

[4] False arrest and false imprisonment are "nearly identical claims" that are "generally analyzed together," though they remain doctrinally distinct. *Brockington v. City of Philadelphia*, 354 F. Supp. 2d 563, 571 n. 8 (E.D.Pa.2005). False arrest concerns the legality of the arrest itself, while false imprisonment concerns the detention that follows. *Reedy v. Twp. of Cranberry*, 2007 WL 2318084, at *3 (W.D.Pa. Aug. 9, 2007).

[5] Even liberally construing Plaintiff's allegations, this Court does not discern a claim of malicious prosecution against Pilarski and Holmes or a *Monell* claim against the City.

would have begun to run at the time of the searches and seizures…").  That claim is likewise time-barred.

Plaintiff's false imprisonment claim accrued when his detention became supported by legal process, no later than his preliminary hearing in July 2019. *See Saidi v. Rastegarpanah*, 2024 WL 5108445, at *8 (E.D. Pa., Dec. 13, 2024) ("Because the sort of unlawful detention remediable by the tort of false imprisonment is detention *without legal process* … a false imprisonment ends once the victim becomes held *pursuant to such process* – when, for example, he is bound over by a magistrate or arraigned on charges.") (cleaned up). The limitations period on this claim expired in July 2021. So again, this claim is untimely.

The subsequent dismissal of Plaintiff's criminal charges in July 2022 does not affect the statute of limitations analysis on any of the claims present here. The favorable termination requirement of *Heck v. Humphrey*, 512 U.S. 477 (1994), does not save Plaintiff's claims from the time bar. That requirement applies only where a §1983 claim would necessarily imply the invalidity of an outstanding conviction or sentence; it neither delays accrual nor tolls the limitations period for Fourth Amendment claims such as false arrest and false imprisonment. *See Wallace*, 549 U.S. 384. Because Plaintiff's legal claims accrued well before the dismissal of the criminal charges, the later favorable termination does not revive them. Defendants' motion to dismiss will be granted.

Plaintiff's present motion to amend will be denied. He has already been afforded multiple opportunities to cure the deficiencies in his pleadings and he has failed to do so. Moreover, amendment would be futile because the defects identified herein – most notably the expiration of the applicable statute of limitations – cannot be remedied through additional factual allegations.

Under these circumstances, permitting further amendment would serve no purpose and would unnecessarily prolong this litigation. *See* Fed.R.Civ.P. 15.

An appropriate order follows.